UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **EDCV 14-02094-VAP (KKx)**　　　　　　　　　　　Date: **June 9, 2015**

Title: **Philadelphia Indemnity Insurance Co. v. Electrolux Home Products, Inc., et al.**

**DOCKET ENTRY**

PRESENT:

**HON. <u>KENLY KIYA KATO</u>, UNITED STATES MAGISTRATE JUDGE**

<u>   D. Taylor   </u>　　　　　　　　　　<u>   n/a   </u>
Deputy Clerk　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:　　　ATTORNEYS PRESENT FOR DEFENDANTS:
　　None present　　　　　　　　　　　　　　　None present

**PROCEEDINGS:  (IN CHAMBERS)**

　　The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration.  The parties are advised the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

　　　　1.　　The parties have not made a sufficient showing of good cause, as required by Fed. R. Civ. P. 26(c).  Such showing should be made separate from the parties' stipulation regarding the terms of the proposed protective order.  Paragraph 1 merely contains conclusory statements with no specific information regarding why a protective order is necessary in the instant action.

　　　　2.　　While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings.  That is a matter the parties will need to take up with the judicial officer conducting the proceeding at the appropriate time.  The stipulation should, thus, include language to make this explicit.

　　　　3.　　The protective order needs to be revised to make clear that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: EDCV 14-02094-VAP (KKx)                               **June 9, 2015**

   **Philadelphia Indemnity Insurance Co. v.**                               **Page 2**
   **Electrolux Home Products, Inc., et al.**

---

        terms of the Protective Order do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

4. Proposed ¶¶ 6 and 12 need to be revised to make clear that any motion challenging a designation of material as Confidential or requesting a modification of the Protective Order will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

5. The following provision needs to be added: "Nothing in this Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action."

6. The signature block needs to be revised to reflect the assigned Magistrate Judge to whom this matter has been referred.

    The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order.